1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HERNDON PARTNERS LLC, a limited liability corporation, and PAUL OWHADI, an individual, | ) ) ) | NO. 2:15-cv-08605-FMO-KS |
| Plaintiffs, | ) ) | AGREED PROTECTIVE ORDER |
| v. | ) ) | |
| LEGRAND HOME SYSTEMS, INC., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for good cause shown and based on the parties' Agreed Protective Order filed on February 9, 2016, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs 5(f), 14, 15 (omitted), 16, 17, 21, and 24 of, and Exhibit A to, the Agreed Protective Order.

## <u>AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]</u>

1.      All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2.      "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or words to that effect by any of the supplying or receiving Parties, whether it be a document or information contained in a document (whether produced in discovery, attached to a pleading or otherwise), information revealed during a deposition, information revealed in an interrogatory answer or any other kind of information that may be so designated.  In designating information as "Confidential," a Party will make such designation only as to that information that it in good faith believes contains confidential information.  Information or material which is generally available to the public, including catalogues, advertising materials, and the like shall not be classified.

3.      Documents produced in this action may be designated by any Party or Parties as "Confidential" information by marking each page of the document(s) so designated with a stamp stating "Confidential."  In lieu of marking the original of a document, if the original is not produced, the designating Party may mark the copies that are produced or exchanged.  Originals shall be preserved for inspection.   At the time of copying for the receiving Parties, such inspected documents shall be stamped prominently "Confidential" or words to that effect by the producing Party.

4.      A Party may designate as "Confidential" any document or any portion of a document, any discovery response or any portion of a discovery response, any pleading or

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

portion of a pleading, and any other thing, material, summary of information, testimony, or other information that it reasonably and in good faith believes contains or reflects proprietary or confidential information that it desires not to be made public.

5.    Except as agreed by the designating Party or its counsel or as otherwise provided herein, "Confidential" Material subject to this Protective Order or extracts or summaries therefrom shall be given or shown only to any "Qualified Person," which for purposes of "Confidential" material includes:

(a)    Attorneys of record for the Parties in the litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of the litigation;

(b)    Inside attorneys for any Party engaged in the litigation of this action and the regular employees of such attorneys to whom it is necessary that the material be shown for purposes of litigation;

(c)    The Plaintiff(s), after the plaintiff(s) executes and delivers to his or her counsel a statement in the form annexed hereto as Exhibit "A."

(d)    Employees of a corporate Party actively engaged in assisting that Party's attorneys in the conduct of this litigation to the extent reasonably necessary to enable the attorneys for that Party to render professional services in the litigation; provided, however, that if such employees will review Confidential information of plaintiff(s), such employees shall execute and deliver to his or her counsel a statement in the form annexed hereto as Exhibit "A."

(e)    Persons not employees of any Party who are expressly retained to assist such Party's counsel ("Retaining Counsel") in the preparation of this action for trial including, but not limited to, consulting and testifying experts, independent auditors, accountants, statisticians, economists, and other experts, and the employees of such persons ("Outside Experts"), after such Outside Expert has signed and delivered to retaining counsel a statement in the form annexed hereto as Exhibit "A."

3

(f)     The Court, **court personnel, court reporters and court reporter staff.**, ~~other court officials (including court reporters) and the trier of fact, pursuant to a sealing order.~~

(g)     Any outside vendors (e.g., copy services, document management services, translators, or graphics services), jury consulting services or mock jurors that are assisting outside counsel in the prosecution, defense, and/or appeal of this action, provided that any jury consulting services and mock jurors are required to sign and deliver to retaining counsel a statement in the form annexed hereto as Exhibit "A"; and

(h)     Actual or potential deposition or trial witnesses in this action, to the extent reasonably necessary to prepare the witnesses to testify concerning the litigation, after such individual has signed and delivered to retaining counsel a statement in the form annexed hereto as Exhibit "A."

(i)     Any other person who subsequently is designated either by (i) written agreement of all the Parties after a request by one of them or (ii) by order of the Court upon motion by a Party, after notice to all the Parties.

No person allowed to view "Confidential" Material shall use any "Confidential" Material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the claims between the Parties, and each person shall make best efforts necessary to protect the confidentiality of the material.

6.     Information disclosed at (a) the deposition of a Party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a Party) may be designated by any Party as "Confidential" information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.  Any Party may also designate information disclosed at such deposition as "Confidential" by notifying all of the Parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be

4

treated as "Confidential" thereafter. Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "Confidential" for a period of thirty (30) days after the receipt of the transcript. Further, all testimony concerning a particular document or exhibit shall be treated consistently with the confidentiality designation of the underlying document.

7. To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" information shall have page numbers that correspond to the blank pages in the main transcript.

8. Nothing in this Protective Order is intended to prevent a Party or its employees from reviewing the Party's own "Confidential" Material.

9. Documents produced prior to entry of this Order shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this Order. No such designation is necessary, however, if documents have already been so designated and treated as confidential or highly confidential per previous agreement of the Parties, as this Protective Order shall govern those designations going forward.

10. Documents unintentionally produced without any confidentiality designation may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving Party. The inadvertent or unintentional disclosure of any confidential information shall not be construed to be a waiver, in whole or in part, of the Plaintiffs' or Defendant's claims of confidentiality, either as to the specific confidential information disclosed or as to other related information. Upon receipt of any supplemental notification to designate information as "Confidential," all information so designated or re-designated shall be fully subject to this Order as if it had been initially so designated; provided, however, that no party shall incur liability for any

previous treatment or disclosure of such information in conformance with the original designation. If a party has previously disclosed the Classified Information to persons who would not be entitled to see such information under the new confidentiality designation, that party shall make all reasonable efforts to retrieve the Classified Information from those unauthorized persons.

11. Nothing herein shall prevent disclosure beyond the terms of this Order if each Party designating the information as "Confidential" consents to such disclosure or, if the court, after notice to all affected Parties, orders such disclosure. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" information in the examination or cross examination of the producing Party or its present or former employees, or any person who is indicated on the document as being an author, source or recipient of the "Confidential" information, irrespective of which Party produced such information.

12. A Party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this litigation disagrees at any stage of these proceedings with the designation by the designating Party of any information as "Confidential," or the designation of any person as a Qualified Person, the parties shall first attempt to resolve such dispute informally, such as by providing redacted versions of the challenged document(s). Thereafter, the objecting Party or Parties may apply to the Court for a ruling that a document (or category of documents) or information designated as "Confidential" is not entitled to such status and protection. Upon such application, the other (producing) Party shall be given notice of the application and an opportunity to respond. During the pendency of any such motion, the objecting Party shall treat the information consistent with its designation, including disclosing such information only to the permitted Qualified Persons. The Parties may, by stipulation, provide for exceptions to this Order and any Party may seek an order of this Court modifying this Protective Order.

13. Nothing shall be regarded as "Confidential" information if it is information that either:

(a)    is in the public domain at the time of disclosure, as evidenced by a written document;

(b)    becomes part of the public domain through no fault of the other Party, as evidenced by a written document; or

(c)    the receiving Party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving Party.

14.    **If any Party should desire to disclose any Classified Material or Confidential Information (whether by way of verbatim or summary reference or as an exhibit) in any court filing, the Party shall file an application, in accordance with the requirements of Local Rule 79-5, provide the requisite showing based on competent evidence of "good cause" or "compelling reasons," for a Court order allowing such papers to be filed under seal pursuant to Federal Rule of Civil Procedure Rule 5.2(d), and permit *in camera* review of the material at issue.** ~~Classified Material which is desired to be disclosed (whether by way of verbatim or summary reference or as an exhibit) in any court filing shall be filed under seal in an envelope conspicuously labeled "Confidential Material For In Camera Court Inspection Only" and in accordance with the Federal Rules of Civil Procedure. In filing materials with the Court in pretrial proceedings,~~ When practicable, counsel shall **apply to** file under seal only those specific documents and testimony designated "Confidential," and only those specific portions of court filings which contain Classified Information.  Whenever any Party intends to offer designated material into evidence or otherwise communicate such material to the Court, excluding filings made under seal, the Party shall take all steps reasonably available to preserve the confidentiality of such material, which may include offering the material outside the presence of persons other than Court personnel and trial counsel.

15.    ~~All Confidential Information filed with the Court shall be filed under seal pursuant to Local Rule 79-5.2 of the Central District of California.~~

7

16.     If any party objects to **particular** materials **being filed, or** remaining**,** under seal, it shall, within ten (10) business days of submission of the materials, state its objection in a letter emailed to counsel for all parties in this action.  The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution. Any revised public electronic filing, if any, of that submission shall be made by the submitting party within ten (10) business days after the Court's decision resolving that dispute.

17.     A non-party producing Classified Information in this action may designate any portion of that as "Confidential" in accordance with the terms of this Order.  Furthermore, all discovery material produced by non-parties shall be treated as Confidential Information for a period of 30 days from its production.  During that period, any party may designate that discovery material as "Confidential" regardless of whether or how the producing non-party has designated it.  Non-party materials designated as "Confidential" information by any non-party or party shall be governed by the terms of this Order.  Any party seeking to challenge the designation of information by a non-party, or seeking to use such information in proceedings where it may become a part of the public record, shall provide notice to the non-party in sufficient time to allow the non-party to appear and/or to respond to the challenging party.  **The designating party shall bear the expense and the burden of establishing the propriety of the challenged designation in this court.**

18.     This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any Party client his evaluation in a general way of "Confidential" information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" information produced by another Party herein, which disclosure would be contrary to the terms of this Protective Order.

19.     Any Party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order.

20.     The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

21.     The parties shall confer and attempt to agree before any trial or other hearing on the procedures under which "Confidential" information may be introduced into evidence or otherwise used at such trial or hearing.  Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any "Confidential" Information which may be used or introduced at such trial or bearing. Absent agreement, the **parties shall ask the** Court ~~shall be asked~~ to issue an order governing the use of such "Confidential" Information at trial or hearing upon reasonable notice to all parties and non-parties who have produced such information. The parties shall provide non-parties with notice of potential use at trial or hearing of any "Confidential" or information produced by them if and when they are listed as potential exhibits in the required filings prior to commencement of trial or other hearing. The parties shall give notice as soon as practicable after "Confidential" Information which is not listed on the exhibit list is determined to be used by counsel for a party in the course of examination or cross-examination at trial or other hearing.

22.     This Order shall not affect the right of any party or non-party to oppose production of discovery material or Classified Information on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege.  Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

23.     Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Classified Information, or to seek modifications of this Order upon due notice to all other parties and affected non-parties.

24.     After the running of any applicable time to appeal the final order entered in this litigation, any producing party or non-party may request that a party return or destroy any

Discovery Material, including all copies thereof, that the producing party or non-party has provided, which request shall be honored. If the possessing party elects to destroy the Discovery Material rather than return it, the possessing party shall provide the producing party written certification that the destruction has been completed. Nothing in this provision shall limit the rights, if any, of any party or non-party to object to and seek a ruling of the Court concerning a parties' retention of any discovery material. Notwithstanding this provision, outside counsel of record in this litigation are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain material designated pursuant to this Order. Any such archival copies that contain or constitute material designated as "Confidential" Information remain subject to this Order. Notwithstanding the provisions of this paragraph, inaccessible copies of Discovery Material, including electronic copies created through the routine operation of the recipient(s)' standard archival and backup procedures, do not need to be returned or destroyed. As far as the provisions of this Order or any other protective orders entered in this litigation restrict the use of "Confidential" Information, the Order or such other protective orders shall continue to be binding after the conclusion of this litigation. **Nothing in this Protective Order should be construed as authorizing a party or non-party governed by this Protective Order to disobey a lawful directive from another court.**

DATED: February 11, 2016

*Karen L. Stevenson*

_____

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

10

**EXHIBIT A**

<u>STATEMENT</u>

1.      I have reviewed and agree to be bound by the terms of the Protective Order in the litigation styled *Herndon Partners LLC, a limited liability corporation, and Paul Owhadi, an individual v. Legrand Home Systems, Inc.,* C.A. No. 2:15-cv-08605-FMO-KS, in the Central District of California, Western Division.

2.      I will only make such copies of or notes concerning documents designated "Confidential" as are necessary to enable me to render the assistance required in connection with this litigation, and, all such notes and copies shall be preserved in a separate file maintained as confidential and marked for disposal or destruction upon completion of this litigation.   Upon the final determination of this action, I shall promptly destroy all "Confidential" materials provided to me as well as any notes or derivations thereof.

3.      I will not intentionally reveal the contents of "Confidential" Material to any unauthorized person.

4.      I will not intentionally use "Confidential" Material for any purpose other than the prosecution or defense of claims in this action.

5.      I understand that I may be held in contempt for violation of this Protective Order.


DATED this _____ day of _____, 2016.



By:_____


Name:_____
                    (print name)

11